2006 UT App 448

STATE of Utah, Plaintiff and Appellee,

v.

Brandon James BRIGGS, Defendant and Appellant.

No. 20050734–CA.

Court of Appeals of Utah.

Nov. 2, 2006.

Scott L. Wiggins, Arnold & Wiggins, PC, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Brett J. DelPorto, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and THORNE.

MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶1 Defendant Brandon James Briggs appeals his conviction on a drug charge after pleading guilty. First, Defendant argues that he is entitled to withdraw his guilty plea because the sentencing court failed to inquire into his comment that the State may have breached the plea agreement. Second, Defendant asserts that this court should allow him to withdraw his guilty plea because his trial counsel was ineffective for failing to file a motion to withdraw the plea. We do not address the merits of either of Defendant's claims. Defendant failed to preserve the first claim in the trial court, and he does not argue plain error or exceptional circumstances on appeal. *See State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346. Furthermore, this court lacks jurisdiction to consider Defendant's second claim. *See State v. Reyes,* 2002 UT 13, ¶ 3, 40 P.3d 630.

¶2 Pursuant to a negotiated plea agreement, Defendant pleaded guilty as charged.

The agreement provided: "Defendant to plead as charged, State will stipulate to a double 402 per statute if defendant is granted and completes probation without any violations; otherwise silent on sentencing." After accepting the plea, the trial court set a date for sentencing and ordered Adult Probation and Parole (AP & P) to complete a presentence investigation report.

¶ 3 At sentencing, AP & P recommended prison. Defendant's trial counsel argued that instead of prison, Defendant should be given probation so that he could have the opportunity to be screened for and accepted by the Job Corps Program (Job Corps). The State responded by arguing extensively that Job Corps was inappropriate. Defendant's trial counsel then stated: "I guess for the record I would object to the State's comments. I think under the circumstances where there [are] two alternatives on the table, I think speaking against [J]ob [C]orp[s] and the other comment is essentially a back-door recommendation for prison, [in] violation of the plea agreement." The court then made some additional comments, and sentenced Defendant to an indeterminate term of one to fifteen years in the Utah State Prison.

¶ 4 Defendant argues that the trial court should have conducted a detailed inquiry into his objection that the prosecutor may have breached the plea agreement. We believe this argument was not adequately preserved for appeal. "As a general rule, claims not raised before the trial court may not be raised on appeal." *Holgate*, 2000 UT 74 at ¶ 11, 10 P.3d 346. "Utah courts require specific objections in order 'to bring all claimed errors to the trial court's attention to give the court an opportunity to correct the errors if appropriate.'" *State v. Hardy*, 2002 UT App 244, ¶ 14, 54 P.3d 645 (quoting *State v. Brown*, 856 P.2d 358, 361 (Utah Ct.App. 1993)). Although Defendant brought the alleged violation of the plea agreement to the court's attention, by failing to state a legal basis for his objection or request any specific relief, Defendant did not "give the court an opportunity to correct the error[ ]." *Id.; see also Brown*, 856 P.2d at 361 ("An oblique reference to an issue in the absence of an 'objection to the trial court's failure to rule on the issue' does not put that issue properly before the court." (quoting *LeBaron & Assocs. v. Rebel Enters.*, 823 P.2d 479, 483 (Utah Ct.App.1991))). At the very least, for purposes of preservation, Defendant needed to specify the alleged error and provide a legal justification to support his argument so that the trial court could "assess [the] allegations . . . and consider[ ] them in the context of the specific legal doctrine placed at issue." *Hardy*, 2002 UT App 244 at ¶ 15, 54 P.3d 645 (quotations and citation omitted). Because Defendant failed to articulate a proper objection, this issue has not been preserved.

¶ 5 Moreover, Defendant does not argue plain error or exceptional circumstances on appeal. If a defendant fails to make a proper objection to the trial court, a reviewing court may consider an issue on appeal if the defendant establishes that plain error occurred or exceptional circumstances exist. *See, e.g., State v. Weaver*, 2005 UT 49, ¶ 18, 122 P.3d 566 (imposing burden of establishing plain error or exceptional circumstances on appellant). In this instance, Defendant fails to argue plain error or exceptional circumstances on appeal. Therefore, this court will not address the merits of his claim that the trial court should have inquired into his objection.

¶ 6 Further, because Defendant failed to timely file a motion to withdraw his guilty plea, this court lacks jurisdiction to consider his ineffective assistance of counsel claim. Utah Code section 77–13–6(2) states that a defendant is required to file a motion to withdraw his guilty plea "before sentence is announced. . . . Any challenge to a guilty plea not made [before sentence is announced] shall be pursued under . . . [the] Post–Conviction Remedies Act, and Rule 65C[ of the] Utah Rules of Civil Procedure." Utah Code Ann. § 77–13–6(2)(b), (c) (Supp.2006); *see also id.* §§ 78–35a–101 to –304 (2002 & Supp. 2006); Utah R. Civ. P. 65C. Under section 77–13–6(2), if a motion to withdraw a plea is not timely filed, this court does not have jurisdiction to review the plea, even on the basis of ineffective assistance of counsel. *See* Utah Code Ann. § 77–13–6(2)(b); *see also State v. Reyes*, 2002 UT 13, ¶ 3, 40 P.3d 630;

*State v. Melo*, 2001 UT App 392,¶¶ 4, 8–9, 40 P.3d 646. Because Defendant did not file a timely motion to withdraw his plea, this court lacks jurisdiction to review it on direct appeal. Therefore, Defendant's only remaining option is to raise this claim under the Post–Conviction Remedies Act and rule 65C of the Utah Rules of Civil Procedure. *See* Utah Code Ann. §§ 77–13–6(2), 78–35a–101 to –304; Utah R. Civ. P. 65C.

¶ 7 In sum, we do not address Defendant's claim that the trial court should have conducted a more detailed inquiry into his objection because Defendant failed to adequately preserve the issue in the trial court, and he does not argue plain error or exceptional circumstances on appeal. Moreover, this court does not have jurisdiction to consider Defendant's claim that his trial counsel was ineffective for failing to file a motion to withdraw the plea.

¶ 8 WE CONCUR: GREGORY K. ORME, Judge, and WILLIAM A. THORNE JR., Judge.