2007 UT App 92

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Osorio TENORIO, Defendant and Appellant.**

**No. 20050976–CA.**

Court of Appeals of Utah.

March 15, 2007.

---

Joan C. Watt, Salt Lake City, for Appellant.

Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee.

Before Judges GREENWOOD, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶1 Defendant Robert Osorio Tenorio appeals his convictions resulting from guilty pleas to communications fraud, a second degree felony, *see* Utah Code Ann. § 76–10–1801(1)(d) (Supp.2006), and forgery, a third degree felony, *see id.* § 76–6–501(3) (2003). We affirm.

## BACKGROUND

¶2 Defendant is in this country illegally, but has lived and worked here for several years. In 1996, an individual on the street gave Defendant a social security number, and Defendant later obtained a corresponding social security card. Although the card was counterfeit, the social security number was valid and belonged to a now-deceased individual from New York. In 1999, Defendant used the social security card to apply for a mortgage guaranteed by the United States Department of Housing and Urban Development (HUD). The application was approved, and Defendant received a loan in the amount of $83,871, secured by his newly purchased home. Defendant subsequently defaulted on the loan, which caused HUD to lose over $50,000.

¶3 Eventually, the State charged Defendant with forgery and communications fraud, or alternatively, theft by deception. On April 22, 2005, Defendant entered into a plea agreement with the State whereby he plead-

ed guilty to forgery and communications fraud. Before entering Defendant's plea, the trial court verified on the record that Defendant understood the nature of the rights he was waiving by pleading guilty and that he was "severely limiting [his] appeal rights." The trial court also explained to Defendant the elements of his crimes and the associated penalties. Finally, after hearing the State's intended evidence, the trial court concluded that those facts established the elements of the crimes with which Defendant was charged.

¶4 On July 22, 2005, the trial court sentenced Defendant to a suspended term of 365 days in jail. Defendant did not move to withdraw his guilty plea prior to the court's imposition of sentence. One month after the sentencing hearing, the State moved to correct Defendant's sentence. At an October 7, 2005 hearing on the State's motion, the trial court corrected Defendant's sentence and ordered him to serve two suspended prison terms: zero to five years for the forgery conviction and one to fifteen years for the communications fraud conviction. On October 20, 2005, Defendant filed a notice of appeal "from the final judgment/order rendered against him on the 7th day of October, 2005."

### ISSUES AND STANDARD OF REVIEW

¶5 Defendant urges us to hear his appeal and reverse his guilty plea under the doctrines of ineffective assistance of counsel, exceptional circumstances, and plain error. In response, the State claims that we lack jurisdiction to consider Defendant's appeal. "An appellate court's 'determination of whether it has jurisdiction to hear an appeal is a question of law.'" *State v. Norris*, 2002 UT App 305, ¶5, 57 P.3d 238 (quoting *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶18, 44 P.3d 663). Defendant alternatively asserts that our statutory scheme and related case law governing appellate review of guilty pleas is unconstitutional. "Constitutional challenges to statutes present questions of law, which [appellate courts] review for correctness." *State v. Green*, 2004 UT 76, ¶42, 99 P.3d 820 (quotations and citation omitted).

### ANALYSIS

¶6 Although Defendant raises various challenges to his guilty plea, this court cannot review his claims unless Defendant has complied with Utah code section 77–13–6(2). *See* Utah Code Ann. § 77–13–6(2) (Supp. 2006). Accordingly, to challenge a guilty plea, a defendant must move to withdraw the plea prior to the trial court's announcement of sentencing. *See id.* at § 77–13–6(2)(b) ("A request to withdraw a plea of guilty ... shall be made by motion before sentence is announced."). A defendant's failure to do so precludes a challenge to that plea, except as provided under the Post–Conviction Remedies Act, *see id.* §§ 78–35a–101 to –304 (2002 & Supp. 2006), and rule 65C of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 65C. *See* Utah Code Ann. § 77–13–6(2)(c) (stating that any challenge to a guilty plea not made prior to sentencing "shall be pursued under ... [the] Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure").

¶7 Moreover, the Utah Supreme Court has interpreted the language of Utah Code section 77–13–6(2) to be jurisdictional. *See Grimmett v. State*, 2007 UT 11, ¶8, 570 Utah Adv. Rep. 3, 152 P.3d 306 ("Section 77–13–6(2)(b) imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas ...." (quotations and citation omitted)); *State v. Merrill*, 2005 UT 34, ¶20, 114 P.3d 585 (stating that "section 77–13–6(2)(b) is indeed jurisdictional"); *State v. Reyes*, 2002 UT 13, ¶3, 40 P.3d 630 (refusing to consider, for lack of jurisdiction, the defendant's attacks on his guilty plea because he failed to comply with section 77–13–6(2)); *see also Manning v. State*, 2005 UT 61, ¶36, 122 P.3d 628 ("Any challenge to ... a plea agreement, or to waivers contained therein, may only be undertaken following a timely motion for withdrawal of the guilty plea."). Thus, a defendant's failure to comply with section 77–13–6(2) precludes this court from reviewing his or her appeal from a guilty plea.

¶8 Here, Defendant pleaded guilty on April 22, 2005, and did not move to withdraw or otherwise challenge his plea prior to sentencing on July 22, 2005. Once the trial

court entered its sentencing order, Defendant lost his right to withdraw his guilty plea. Therefore, Defendant's failure to comply with section 77–13–6(2) precludes our review of his appeal because we lack jurisdiction to do so.[1] *See Merrill*, 2005 UT 34 at ¶¶ 19–20, 114 P.3d 585. As such, "Defendant's challenge to his guilty plea, having been made outside the time period specified by statute, can only be pursued under ... [the] Post–Conviction Remedies Act, and rule 65C, Utah Rules of Civil Procedure." *State v. Nicholls*, 2006 UT 76, ¶ 6, 148 P.3d 990 (quotations and citation omitted).

¶ 9 Defendant argues at length that despite his failure to comply with section 77–13–6(2), we may review his claim under ineffective assistance of counsel, exceptional circumstances, or plain error. Defendant concedes that current case law prevents us from reviewing his claim under plain error and ineffective assistance. *See, e.g., State v. Melo*, 2001 UT App 392, ¶ 4, 40 P.3d 646 (holding that court lacked jurisdiction to hear the defendant's plain error and ineffective assistance of counsel claims due to the defendant's failure to timely move to withdraw his guilty plea). Nonetheless, Defendant asks us to overturn this precedent.[2] This we cannot do because we are bound by our previous decisions as well as the decisions of the Utah Supreme Court. "Vertical stare decisis ... compels a court to follow strictly the decisions rendered by a higher court." *State v. Menzies*, 889 P.2d 393, 399 n. 3 (Utah 1994). Moreover, in accordance with horizontal stare decisis, "the first decision by a court on a particular question of law governs later decisions by the same court." *State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993). While a court will overrule its own precedent in the limited circumstances where it is " 'clearly

convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent,' " *State v. Bennett*, 2000 UT 34, ¶ 8, 999 P.2d 1 (quoting *Menzies*, 889 P.2d at 399 (additional quotations and citation omitted)), such circumstances are not present here.

¶ 10 Finally, Defendant asserts that section 77–13–6(2) unconstitutionally violates "the right to counsel, violates the due process right to a knowing and voluntary plea, prevents [r]ule 11 [of the Utah Rules of Criminal Procedure] protections for defendants, and denies the right to a full and fair appeal." While we recognize the fundamental logic of Defendant's position, we have no jurisdiction to address these claims. It is worth noting, however, that the Utah Supreme Court has determined that the "jurisdictional bar" imposed by Utah Code section 77–13–6(2) is "constitutionally permissible." *Merrill*, 2005 UT 34 at ¶ 1, 114 P.3d 585.

## CONCLUSION

¶ 11 Because we lack jurisdiction to hear Defendant's attack on his guilty plea in this direct appeal, we affirm his convictions for communications fraud, *see* Utah Code Ann. § 76–10–1801(1)(d), and forgery, *see id.* § 76–6–501(3).

¶ 12 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.

---

1. The State additionally argues that Defendant's appeal was untimely because he did not file his notice of appeal within thirty days of the entry of his guilty plea, as required by rule 4 of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 4. We do not reach this issue because Defendant's failure to timely move to withdraw his guilty plea is dispositive.

2. Defendant also claims that this case involves a "rare procedural anomaly" and that we may

review his claim under exceptional circumstances to avoid "manifest injustice." *See State v. Irwin*, 924 P.2d 5, 7 (Utah Ct.App.1996). However, because Defendant cites no authority permitting us to circumvent, via the exceptional circumstances doctrine, the legion of cases explaining our lack of jurisdiction and the requirements of section 77–13–6(2), *see* Utah Code Ann. § 77–13–6(2) (Supp.2006), we decline to do so.