2010 UT App 302

**STATE of Utah, Plaintiff and Appellee,**

v.

**Derek Frank NAVARRO, Defendant and Appellant.**

**No. 20100628–CA.**

Court of Appeals of Utah.

Nov. 4, 2010.

Samuel P. Newton, Ogden, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

---

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Derek Frank Navarro seeks to challenge his guilty plea. We dismiss the appeal for lack of jurisdiction.

¶ 2 Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his or her guilty plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). "[T]o challenge a guilty plea, a defendant must move to withdraw the plea prior to the trial court's announcement of sentence." *State v. Tenorio*, 2007 UT App 92, ¶ 6, 156 P.3d 854. "Sentence may not be announced unless the motion is denied." Utah Code Ann. § 77–13–6(2)(b). If a defendant fails to timely file a motion to withdraw his plea, this court lacks jurisdiction to consider any claim except a challenge to the sentence itself. *See State v. Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969. This jurisdictional bar includes ineffective assistance of counsel claims as they pertain to the plea. *See id.* Claims of ineffective assistance of counsel raised in the context of guilty pleas may be addressed by the filing of a petition for post-conviction relief if a motion to withdraw the guilty plea was not filed prior to sentencing. *See id.*

¶ 3 Navarro asserts that the district court erred by failing to construe his pro se letter as a motion to withdraw his guilty plea filed prior to sentencing. Even assuming that Navarro's pro se letter could be construed as a pro se motion to withdraw his guilty plea, the record indicates that Navarro was represented by counsel. This court has determined that "a criminal defendant may either file pro se motions if he or she has opted for self-representation, or file motions through counsel if represented." *State v. Wareham*, 2006 UT App 327, ¶ 33, 143 P.3d 302. However, a criminal defendant is not entitled to "hybrid representation," and the defendant may not benefit from the assistance of counsel while simultaneously filing pro se motions. *See id.* "The only exception to this rule is that a defendant may file a pro se motion to disqualify his appointed counsel." *Id.* Because Navarro was represented by counsel when he filed his pro se letter, the district court did not err by failing to consider the pro se letter as a properly filed motion to withdraw his guilty plea.

¶ 4 Because the record demonstrates that Navarro's counsel did not file a motion to withdraw Navarro's guilty plea prior to sentencing, this court lacks jurisdiction to consider challenges to Navarro's plea, even as they relate to claims of ineffective assistance of counsel. *See Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969. Navarro does not challenge his sentence on appeal. Thus, we are required to dismiss the appeal for lack of jurisdiction.

¶ 5 Accordingly, the appeal is dismissed.[1]

---

1. Navarro may raise his ineffective assistance of counsel claim through the post-conviction remedies act. *See* Utah Code Ann. § 77–13–6(2)(c).