2011 UT App 17

STATE of Utah, Plaintiff and Appellee,

v.

**Laura Veronica CHAVEZ, Defendant and Appellant.**

No. 20100810–CA.

Court of Appeals of Utah.

Jan. 21, 2011.

German T. Flores, Orem, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶1 Laura Veronica Chavez seeks to challenge her guilty plea. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal for lack of jurisdiction.

¶2 In order to challenge a guilty plea, Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his or her guilty plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). "Sentence may not be announced unless the motion is denied." *Id.* If a defendant fails to file a timely motion to withdraw his plea, this court lacks jurisdiction to consider any claim on appeal except a challenge to the sentence. *See State v. Rhinehart,* 2007 UT 61, ¶15, 167 P.3d 1046. This jurisdictional bar includes claims of ineffective assistance of counsel as they pertain to the plea. *See State v. Briggs,* 2006 UT App 448, ¶6, 147 P.3d 969. If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the Post–Conviction Remedies Act. *See* Utah Code Ann. § 77–13–6(2)(c).

¶3 Chavez asserts that her guilty plea was not voluntarily entered because she was not

properly advised of the immigration consequences of a criminal conviction, and that she received ineffective assistance of counsel. Chavez cites *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) in support of her argument that because she did not appreciate the consequences of her guilty plea, her plea was not voluntarily entered and should not have been accepted by the district court. Although *Padilla* imposes a duty on counsel to advise a defendant of the immigration consequences of his or her guilty plea, it does not displace state jurisdictional requirements. *See id.* at 1482–1483.

¶ 4 Chavez did not file a motion to withdraw her guilty plea prior to sentencing. Because Chavez failed to file a motion to withdraw her guilty plea prior to sentencing, this court lacks jurisdiction to consider any issue on appeal except a challenge to the sentence itself. *See Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. This jurisdictional bar precludes this court's review of Chavez's claim that trial counsel was ineffective, or any assertion that the district court failed to adequately ensure that her plea was knowingly and voluntarily entered. *See id.* ¶¶ 11–14. When this court lacks jurisdiction, we retain only the authority to dismiss the appeal. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

Accordingly, the appeal is dismissed.