2011 UT App 61

**STATE of Utah, Plaintiff and Appellee,**

v.

**Johnnie Eugene BASKINS, Defendant and Appellant.**

No. 20090810–CA.

Court of Appeals of Utah.

March 3, 2011.

Samuel P. Newton, Ogden, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Johnnie Eugene Baskins appeals his conviction following his guilty plea. We dismiss the appeal for lack of jurisdiction.

¶ 2 Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his guilty or no contest plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). "[T]o challenge a guilty plea, a defendant must move to withdraw the plea prior to the trial court's announcement of sentencing." *State v. Tenorio*, 2007 UT App 92, ¶ 6, 156 P.3d 854. "Sentence may not be announced unless the motion is denied." Utah Code Ann. § 77–

13–6(2)(b). Where no timely motion to withdraw a guilty plea is filed in the district court, we lack jurisdiction to consider a challenge to the validity of the guilty plea. *See State v. Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969. If a defendant seeks to challenge his guilty plea but failed to file a timely motion to withdraw his plea, any challenge to the plea must be pursued under the Post–Conviction Remedies Act. *See* Utah Code Ann. § 77–13–6.

¶ 3 Baskins asserts that he did not knowingly and voluntarily enter his guilty plea. He also asserts that the district court erred by failing to consider his motion to withdraw his guilty plea. However, the record demonstrates that Baskins withdrew his motion to withdraw his guilty plea prior to sentencing. Although Baskins initially made a motion to withdraw his plea, once he withdrew the motion, it ceased to have any legal effect. Thus, Baskins did not satisfy the requirements of Utah Code section 77–13–6(2), and this court lacks jurisdiction to consider his claims on appeal. *See* Utah Code Ann. § 77–13–6(2); *see also Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969.

¶ 4 Accordingly, the appeal is dismissed.