2011 UT App 135

**STATE of Utah, Plaintiff and Appellee,**

v.

**Francisco Manuel MATA–MARTINEZ, Defendant and Appellant.**

No. 20110034–CA.

Court of Appeals of Utah.

April 28, 2011.

Adam L. Crayk, Salt Lake City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶1 Defendant Francisco Manuel Mata–Martinez appeals his conviction of Possession or Use of a Controlled Substance, a third degree felony, which was based upon a guilty plea. This case is before the court on a sua sponte motion to summarily dismiss the appeal for lack jurisdiction because Mata–Martinez did not file a timely motion to withdraw his guilty plea under Utah Code section 77–13–6(2). *See* Utah Code Ann. § 77–13–6(2) (2008).

¶2 Mata–Martinez argues that his guilty plea was not knowing and voluntary due to the ineffectiveness of his trial counsel in failing to advise him of the deportation consequences of the guilty plea. This court summarized the jurisdictional prerequisites for challenging a guilty plea on direct appeal in *State v. Navarro,* 2010 UT App 302, ¶2, 243 P.3d 519 (mem.) (per curiam), where we stated,

> Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his or her guilty plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). "[T]o challenge a guilty plea, a defendant must move to withdraw the plea prior to the trial court's announcement of sentence." *State v. Tenerio [Tenorio],* 2007 UT App 92, ¶6, 156 P.3d 854. "Sentence may not be announced unless the motion is denied." Utah Code Ann. § 77–13–6(2)(b). If a defendant fails to timely file a motion to withdraw his plea, this court lacks jurisdiction to consider any claim except a challenge to the sentence itself. *See State v. Briggs,* 2006 UT App

448, ¶ 6, 147 P.3d 969. This jurisdictional bar includes ineffective assistance of counsel claims as they pertain to the plea. *See id.* Claims of ineffective assistance of counsel raised in the context of guilty pleas may be addressed by the filing of a petition for post-conviction relief if a motion to withdraw the guilty plea was not filed prior to sentencing. *See id.*

¶ 3 Mata–Martinez does not adequately address the substance of the jurisdictional issue raised in the sua sponte motion. Instead, he contends that "none of the existing case law has dealt with the unique situation of a criminal defendant who is a lawful permanent resident and faces imminent deportation as a result of his guilty plea." In essence, he claims that his case should represent an exception to the jurisdictional bar of Utah Code section 77–13–6. In *State v. Rhinehart,* 2007 UT 61, 167 P.3d 1046, the supreme court considered a similar claim that the alleged ineffectiveness of Rhinehart's trial counsel caused her to enter a guilty plea and to fail to timely move to withdraw that plea and, therefore, she should not be subject to the jurisdictional bar. *See id.* ¶ 11. Noting that its prior case law had held that section 77–13–6 was both jurisdictional and constitutional, *see id.* ¶ 12, the supreme court stated,

> The classification within which she seeks refuge—that defendants who seek leave to withdraw pleas based on claims of ineffective assistance of counsel are free of the constraints of section 77–13–6—is ... a phantom classification. To honor this classification would be to invite every tardy application to withdraw a plea to be styled as a claim of ineffectiveness of counsel, a consequence that would vitiate section 77–13–6. We therefore hold that claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77–13–6.

*Id.* ¶ 14. Accordingly, the supreme court held that it lacked jurisdiction to consider Rhinehart's challenge to the guilty plea on direct appeal. *See id.*

1. *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), itself came to the United State Supreme Court in the context of post-conviction proceedings challenging the va-

¶ 4 "Under section 77–13–6(2), if a motion to withdraw a plea is not timely filed, this court does not have jurisdiction to review the plea, even on the basis of ineffective assistance of counsel." *State v. Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969. Although Mata–Martinez strenuously argues the merits of a claim that he should be allowed to withdraw his guilty plea based upon *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), we lack jurisdiction to consider the claim on direct appeal, and it must be asserted in post-conviction proceedings under the Post–Conviction Remedies Act.[1] *See Briggs,* 2006 UT App. 448, ¶ 6, 147 P.3d 969 ("Because Defendant did not file a timely motion to withdraw his plea, this court lacks jurisdiction to review it on direct appeal. Therefore, Defendant's only remaining option is to raise this claim under the Post–Conviction Remedies Act and rule 65C of the Utah Rules of Civil Procedure."). Accordingly, we dismiss the appeal for lack of jurisdiction.

lidity of a guilty plea based upon a claim of ineffectiveness of trial counsel in advising a defendant of the deportation consequences of a guilty plea.