2011 UT App 237

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Felipe PEREZ, Defendant and Appellant.**

No. 20110359–CA.

Court of Appeals of Utah.

July 29, 2011.

Hakeem Ishola, West Valley City, for Appellant.

Matthew J. Hansen, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Felipe Perez asserts that the district court erred by denying his motion to withdraw his guilty plea. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 At the time of Perez's guilty plea, Utah Code section 77–13–6(2)(b) provided that "[a] request to withdraw a plea of guilty or no contest [shall be] made by motion and shall be made within thirty days after the entry of the plea." Utah Code Ann. § 77–13–6(2)(b) (1996).

¶ 3 The Utah Supreme Court determined that "the thirty-day limit for filing a motion to withdraw a guilty plea found in section 77–13–6(2)(b) of the Utah Code begins to run at the time the district court enters final judgment." *State v. Ostler*, 2001 UT 68, ¶ 13, 31 P.3d 528. If a defendant fails to file a timely motion to withdraw his plea, the court lacks jurisdiction to consider any claim except a challenge to the sentence. *See State v.*

*Rhinehart,* 2007 UT 61, ¶ 15, 167 P.3d 1046. This jurisdictional bar includes claims of ineffective assistance of counsel as they pertain to the plea. *See State v. Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969. If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the Post–Conviction Remedies Act. *See* Utah Code Ann. § 77–13–6(2)(c).

¶ 4 On August 8, 1995, the district court entered Perez's guilty plea based upon his failure to comply with the terms of his plea in abeyance. On September 18, 1996, Perez filed his motion to withdraw his guilty plea. Perez's motion to withdraw his guilty plea was not timely filed. *See* Utah Code Ann. § 77–13–6(2)(b). Thus, the district court properly determined that it lacked jurisdiction to consider Perez's challenges to his plea, and that his challenges to his plea should have been pursued under the Post–Conviction Remedies Act. *See id.* § 77–13–6(2)(c); *see also Rhinehart,* 2007 UT 61, ¶ 15, 167 P.3d 1046. The district court did not err in determining that Perez's remedy arose under the Post–Conviction Remedies Act.

¶ 5 Perez concedes that his motion to withdraw his guilty plea was untimely, but he asserts that *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), mandates that non-citizens should be permitted to challenge guilty pleas under more flexible procedures. Although *Padilla* imposes a duty on counsel to advise clients regarding the immigration consequences of guilty pleas, it does not require new procedures, nor does it displace state jurisdictional requirements. *See id.* at 1482–83.

¶ 6 Accordingly, the district court's March 22, 2011 order is affirmed.