2011 UT App 245

**STATE of Utah, Plaintiff and Appellee,**

v.

**John Andrew LIGHT, Defendant and Appellant.**

**No. 20110504–CA.**

Court of Appeals of Utah.

July 29, 2011.

Gary G. Kuhlmann, St. George, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Appellant John Andrew Light appeals his conviction following a guilty plea to possession of a dangerous weapon by a restricted person, a class A misdemeanor. This case is before the court on a sua sponte motion to summarily dismiss the appeal for lack of jurisdiction because Light did not file a timely motion to withdraw his guilty plea under Utah Code section 77–13–6(2). *See* Utah Code Ann. § 77–13–6(2) (2008).

¶ 2 Based upon the district court's docket, the State suggests that Light did not file a timely notice of appeal. This is incorrect.

---

1. Baum may seek relief under rule 4(f) of the Utah Rules of Appellate Procedure.

The district court entered a final judgment on April 29, 2011, and Light filed a timely notice of appeal on May 18, 2011.

¶ 3 Light seeks to challenge his guilty plea by claiming that the plea was not made knowingly or voluntarily based upon ineffective assistance of his appointed trial counsel. Because Light did not move to withdraw his guilty plea prior to sentencing, we lack jurisdiction to consider the claim. Utah Code section 77–13–6 requires a defendant to file a motion to withdraw his or her guilty plea before sentence is announced. *See id.* "Under section 77–13–6(2), if a motion to withdraw a plea is not timely filed, this court does not have jurisdiction to review the plea, even on the basis of ineffective assistance of counsel." *State v. Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969. In *State v. Rhinehart,* 2007 UT 61, 167 P.3d 1046, the Utah Supreme Court considered a claim that the alleged ineffectiveness of trial counsel caused the defendant to enter a guilty plea and also to fail to timely move to withdraw that plea and that, therefore, she should not be subject to the jurisdictional bar. *See id.* ¶ 11. Noting that its prior case law held that claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77–13–6, the supreme court held that it lacked jurisdiction to consider Rhinehart's challenge to the guilty plea on direct appeal. *See id.* ¶ 14.

¶ 4 Because Light did not file a timely motion to withdraw his plea, we lack jurisdiction to review his challenge to the guilty plea on direct appeal. Light's remaining option would be to raise this claim under the Post–Conviction Remedies Act and rule 65C of the Utah Rules of Civil Procedure. *See Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969. Accordingly, we dismiss the appeal for lack of jurisdiction.