2011 UT App 303

**STATE of Utah, Plaintiff and Appellee,**

v.

**Felipe PEREZ, Defendant and Appellant.**

**No. 20110615–CA.**

Court of Appeals of Utah.

Sept. 1, 2011.

Hakeem Ishola and Aaron Tarin, West Valley City, for Appellant.

Mark L. Shurtleff and Marion Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Felipe Perez asserts that the district court erred by denying his motion to withdraw his guilty plea. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 At the time of Perez's guilty plea, Utah Code section 77–13–6(2)(b) provided that "[a] request to withdraw a plea of guilty or no contest [shall be] made by motion and shall be made within thirty days after the entry of the plea." Utah Code Ann. § 77–13–6(2)(b) (1996). The Utah Supreme Court determined that "the thirty-day limit for filing a motion to withdraw a guilty plea found in section 77–13–6(2)(b) of the Utah Code begins to run at the time the district court enters final judgment." *State v. Ostler*, 2001 UT 68, ¶ 13, 31 P.3d 528. If a defendant fails to file a timely motion to withdraw his plea, the court lacks jurisdiction to consider any claim except a challenge to the sentence. *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. This jurisdictional bar includes claims of ineffective assistance of counsel as they pertain to the plea. *See State v. Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969; *State v. Navarro*, 2010 UT App 302, ¶ 2, 243 P.3d 519 (mem.) (per curiam). If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the Post–Conviction Remedies Act (PCRA). *See* Utah Code Ann. § 77–13–6(2)(c) (2008).

¶ 3 On April 25, 1995, Perez entered a guilty plea to attempted possession of a controlled substance, a class A misdemeanor. On September 18, 1996, Perez filed his motion to withdraw his guilty plea. Perez's motion to withdraw his guilty plea was not timely filed. *See id.* § 77–13–6(2)(b). That motion was not presented to the district court for a ruling nor ruled upon by that court. In February 2011, Perez filed a memorandum in support of his 1996 motion to withdraw his guilty plea and, in the alternative, sought to have the guilty plea vacated pursuant to *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In a decision dated June 10, 2011, the district court ruled that it lacked jurisdiction to consider Perez's untimely challenge to his plea, and that his challenge to his plea should have been pursued under the PCRA. *See* Utah Code Ann. § 77–13–6(2)(c); *see also Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. The district court did not err in determining that Perez's remedy was in a proceeding under the PCRA.

¶ 4 Perez concedes that his motion to withdraw his guilty plea was untimely, but he asserts that *Padilla* mandates that non-citizens should be permitted to challenge guilty pleas under more flexible procedures. Although *Padilla* imposes a duty on counsel to advise clients regarding the immigration consequences of guilty pleas, it does not require new procedures, nor does it displace state jurisdictional requirements. *See Padilla*, 130 S.Ct. at 1482–83. Although Perez strenuously argues the merits of a claim that he should be allowed to withdraw his guilty plea based upon *Padilla*, we lack jurisdiction to consider the claim on direct appeal, and it must be asserted in post-conviction proceedings under the PCRA.[1] *See Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969 ("Because Defendant did not file a timely motion to withdraw his plea, this court lacks jurisdiction to review it on direct appeal.").

¶ 5 Perez argues that the Utah Supreme Court has "left open the door for courts to assert judicial authority to" disregard the

1. *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), itself came to the United States Supreme Court in the context of post-conviction proceedings challenging the va-

lidity of a guilty plea based upon a claim of ineffectiveness of trial counsel in advising a defendant of the deportation consequences of a guilty plea.

requirements of the PCRA, citing *Gardner v. State*, 2010 UT 46, 234 P.3d 1115. In *Gardner*, a petitioner sought to raise claims in a post-conviction petition that were both untimely and procedurally barred under the PCRA. The supreme court considered the claim that it "may set aside the procedural rules of the PCRA in the interests of justice" but concluded, "[W]e are unpersuaded that the interests of justice require us to engage in the scope of review that [petitioner] requests." *Id.* ¶ 98. *Gardner* does not support Perez's argument that the district court—and this court by extension—may disregard the jurisdictional bar of Utah Code section 77–13–6 and allow him to challenge his guilty plea in his criminal case and on direct appeal, despite his failure to file a timely motion to withdraw the guilty plea. Under such circumstances, Perez must pursue his claims in proceedings under the PCRA. *See* Utah Code Ann. § 77–13–6(2)(c) (stating that any challenge to a guilty plea not made within the statutory time period "shall be pursued under the Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure"). Accordingly, we affirm the district court's June 10, 2011 memorandum decision.