2011 UT App 336

STATE of Utah, Plaintiff and Appellee,

v.

Shawn Michael SMITH, Defendant and Appellant.

No. 20090174–CA.

Court of Appeals of Utah.

Oct. 6, 2011.

Matthew D. Carling, Cedar City, for Appellant.

Mark L. Shurtleff and Andrew F. Peterson, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM.

¶ 1 Shawn Michael Smith appeals his conviction in district court case number 081500508 of assault by a prisoner, a third degree felony, and his conviction in case number 051500608 of possession of a dangerous weapon by a restricted person, a third degree felony. The State moves to dismiss the consolidated appeal on the basis that (1) Smith waived his right to appeal the jury verdict and resulting conviction in case number 081500508, and (2) Smith failed to timely move to withdraw his guilty plea in case number 051500608, which resulted in a waiver of his right to challenge the guilty plea on a direct appeal.

¶ 2 On February 3, 2009, the two cases underlying this consolidated appeal were resolved in a plea bargain that involved entry of a guilty plea to a single count in case number 051500608 and an agreement regarding sentencing in both cases. The district court first held the change of plea hearing in

case number 051500608. The district court conducted a complete and careful colloquy pursuant to rule 11 of the Utah Rules of Criminal Procedure prior to accepting Smith's guilty plea to possession of a dangerous weapon by a restricted person. The district court also confirmed that Smith read, understood, and signed the Statement of Defendant in Support of Guilty Plea and Certification of Counsel. The statement signed by Smith advised him that by pleading guilty, he would be giving up his right to appeal his conviction, but that he could appeal his sentence. Following the colloquy, the court found that the plea of guilty was freely, knowingly, intelligently, and voluntarily made. The district court advised Smith that he had the right to file a motion to withdraw his guilty plea at any time before sentence was pronounced. Smith asked to be sentenced that day. In case number 051500608, the district court sentenced Smith to serve zero to five years in prison, to be served consecutively to the sentence of five years to life in prison for aggravated robbery that Smith was then serving. Smith did not move to withdraw his guilty plea.

¶ 3 In case number 081500508, Smith was convicted following a jury trial of assault by a prisoner, a third degree felony. In the same February 3, 2009 hearing, the district court sentenced Smith in accordance with the stipulation reached in his pending cases. The district court clarified that "the state has bound itself to make a recommendation that this case be sentenced concurrently with the other matter on which I just sentenced Mr. Smith." Accordingly, the district court sentenced Smith to serve zero to five years in prison to be served concurrently with the prison term in 051500608, but consecutively with the five year to life sentence he was then serving on an aggravated robbery conviction. The district court's recommendation that Smith receive credit for time served applied to the concurrent sentences. Smith confirmed to the court that he was waiving his right to appeal his conviction for assault by a prisoner in case number 081500508. The district court stated that the record would reflect "that the defendant has on the record stated that he waives his right to appeal in this matter." The court further

stated that "the record's going to be very clear that this court finds that you knowingly and intentionally and voluntarily waived your right to appeal as a provided incentive to the county attorney's office to agree to the sentencing recommendations that they have made in 051500608 and in this case."

¶ 4 Insofar as this appeal is taken from the conviction following a guilty plea in case number 051500608, it is well-established that if a defendant fails to file a timely motion to withdraw his guilty plea, the appellate court lacks jurisdiction to consider any claim except a challenge to the sentence. *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. This jurisdictional bar includes claims of ineffective assistance of counsel as they pertain to the plea. *See State v. Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969; *State v. Navarro*, 2010 UT App 302, ¶ 2, 243 P.3d 519 (mem.) (per curiam). If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the Post–Conviction Remedies Act (PCRA). *See* Utah Code Ann. § 77–13–6(2)(c) (2008). Smith argues that section 77–13–6 of the PCRA cannot operate as a jurisdictional bar to the right to appeal a conviction based upon a guilty plea. However, Smith fails to address the body of case law to the contrary. To the extent that Smith seeks to appeal from the conviction based upon his guilty plea to possession of a dangerous weapon by a restricted person, we lack jurisdiction to consider the appeal.

¶ 5 Smith asserts that he can appeal his conviction of assault on a prisoner in case number 081500508, despite his knowing and voluntary waiver of the right to appeal. On appeal, Smith argues that he received ineffective assistance from his trial counsel during the jury trial. Although Smith argues that the right to appeal cannot be waived, the Utah Supreme Court has stated otherwise,

A defendant who knowingly and voluntarily waives his right to appeal has not been unconstitutionally denied that right. *State v. Mortensen*, 26 Utah 312, 73 P.2d [P.] 562, 566 (1903) (stating that provisions in article I, section 12 of the Utah Constitu-

tion are for the accused's benefit and can be waived). While "courts generally indulge every reasonable presumption against waiver" of constitutional rights, *Bruner v. Carver*, 920 P.2d 1153, 1155 (Utah 1996), a defendant found to have expressly waived them, by, for example, entering a knowing and voluntary guilty plea where the plea agreement expressly indicates such a waiver, no longer enjoys the benefit of these constitutional protections.

*Manning v. State*, 2005 UT 61, ¶ 35, 122 P.3d 628.

¶ 6 Smith failed to file a timely motion to withdraw his guilty plea to one count of possession of a dangerous weapon by a restricted person in case number 051500608. Smith's appeal identifies only pre-conviction issues and no sentencing issues. As a result, we lack jurisdiction to consider his challenge to the conviction on direct appeal. Smith's challenge must be asserted in a proceeding initiated under the PCRA. Furthermore, Smith expressly, knowingly, and voluntarily waived his right to appeal from the conviction of assault by a prisoner in case number 081500508 in connection with a plea bargain for which Smith received consideration in the form of the amended charge in case number 051500608 and a favorable joint sentencing recommendation.

¶ 7 Accordingly, we grant the State's motion and dismiss the appeal. Our dismissal makes it unnecessary to consider the motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure.