**2018 UT App 13**

## THE UTAH COURT OF APPEALS

NASRULLA KHAN,
Petitioner,

*v.*

TAX COMMISSION,
Respondent.

Per Curiam Opinion
No. 20160491-CA
Filed January 25, 2018

Original Proceeding in this Court

Nasrulla Khan, Petitioner Pro Se

Sean D. Reyes and Brent A. Burnett, Attorneys
for Respondent

Before JUDGES KATE A. TOOMEY, RYAN M. HARRIS, and
DIANA HAGEN.

PER CURIAM:

¶1     Nasrulla Khan seeks judicial review of the Utah State Tax Commission's April 29, 2016 decision. We decline to disturb the Commission's decision.

¶2     Khan asserts that the Utah State Tax Commission (Commission) erred by declining to deduct his loss carry forwards from his household income. Khan filed for a renter's credit under Utah Code section 59-2-1209, which provides property tax relief for "certain persons who own or rent their places of residence." Utah Code Ann. § 59-2-1201 (LexisNexis 2015). A renter's credit is based on the household income for the previous calendar year. *See id.* § 59-2-1209(1). Income for the purposes of calculating a renter's credit is defined, in part, as the sum of federal adjusted gross income and statutorily identified, nontaxable income. *See id.* § 59-2-1202(6)(a). Loss carry forwards are identified as nontaxable income. *See id.* § 59-2-1202(6)(b)(ii).

Khan's central argument is that his loss carry forwards should be deducted from his household income, rather than included therein.

¶3    This court recently rejected Khan's arguments in his previous request for judicial review of the Commission's prior decision. *See Khan v. Tax Comm'n*, 2016 UT App 142, ¶ 1, 377 P.3d 702. As the Commission correctly asserts, in *Khan*, this court determined that Utah's statutory term "loss carry forwards" was synonymous with loss carryover used in the federal income tax, and that it was "not a deduction that offsets Khan's income for the purposes of determining his renter's refund, but is instead added to his AGI to determine his household income." *Id*. ¶ 17.

¶4    Khan's arguments in the present matter are contrary to this court's decision in *Khan*. Although Khan asserts that this court's prior decision is contrary to the Property Tax Act, Khan has not adequately distinguished his current arguments from this court's precedent, nor demonstrated cogent reasons for departing from *Khan*. Moreover, the legal doctrine of horizontal stare decisis binds this court to its prior decision, and the first decision by this court on a particular question of law governs subsequent decisions by the same court. *See State v. Tenorio*, 2007 UT App 92, ¶ 9, 156 P.3d 854. This court may depart from its precedent only in rare circumstances where this court is clearly convinced that the prior decision was erroneous, the decision is no longer sound due to changing circumstances, and that more good than harm will come by departing from its precedent. *See id*. With regard to Khan's central argument that his loss carry forwards should be deducted from his income, Khan has not persuasively distinguished *Khan* nor has he satisfied his significant burden of demonstrating why this court should depart from precedent.

¶5    Khan raises six issues for judicial review, but with one exception, his supplementary issues may be fairly characterized as efforts to bolster his argument that loss carry forwards should be deducted from his household income. Without the requisite

citation to legal authority or development of that authority, Khan next asserts that the Commission violated Utah law by not requiring its application form for a renter's credit to separately delineate the applicant's loss carry forwards under Utah Code section 59-2-1202. As the Commission correctly notes, the application form does have a section to list other income received under Utah Code section 59-2-1202, such as support money received. *See* Utah Code Ann. § 59-2-1202(6)(b). Khan fails to demonstrate that the Commission's application form violates Utah law by failing to separately delineate each of the statutory examples of nontaxable income set forth in Utah Code section 59-2-1202.

¶6     Khan fails to meet his significant burden in demonstrating that this court should depart from its previous decision in *Khan*, and that the Commission violated Utah law in the format of its application for a renter's credit. We therefore decline to disturb the Commission's determination.

———————