2008 UT App 329

**STATE of Utah, Plaintiff and Appellee,**

v.

**Patrick Henry VALDEZ, Defendant and Appellant.**

**No. 20070614–CA.**

Court of Appeals of Utah.

Sept. 11, 2008.

Patrick W. Corum and Debra M. Nelson, Salt Lake City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges BILLINGS, McHUGH, and ORME.

## MEMORANDUM DECISION

BILLINGS, Judge:

¶1 Defendant Patrick Henry Valdez was charged in five different informations based on separate criminal episodes with two second degree felonies, four third degree felonies, and seven misdemeanors, primarily related to various burglaries. He pleaded guilty to five third degree felonies: forgery, *see* Utah Code Ann. § 76–6–501 (2004 & Supp.2007); theft by receiving stolen property, *see id.* § 76–6–408 (Supp.2007); attempted burglary, *see id.* §§ 76–4–102(3) (2003), 76–6–202 (2003); and two counts of attempted theft by receiving stolen property, *see id.* §§ 76–4–102(3), 76–6–408.

¶2 Both the pre-sentence report and the prosecutor recommended concurrent prison terms. The prosecutor emphasized that the Board of Pardons and Parole (Board of Pardons) could ultimately decide "how well [Defendant was] doing in terms of his drug habit and that sort of thing in prison." At the consolidated sentencing hearing, the trial court confirmed that defense counsel had "seen the pre-sentence report" before proceeding. Defense counsel emphasized that Defendant's attitude indicated Defendant was amenable to treatment, stating, "He's never asked to be out of jail. He told me from the very first time I met him, 'I am a drug addict. I need to be in jail. I want help. Please get me help.'" Defense counsel also asked the court to give Defendant credit for time served.

¶3 The trial court gave Defendant credit for time served but imposed indeterminate prison terms of zero-to-five years for each of the five third degree felony convictions. The trial court imposed these terms consecutively rather than concurrently, citing Defendant's "extensive criminal history, and the fact that these [were] all separate criminal episodes."

¶4 Defendant appeals the trial court's sentence of consecutive rather than concurrent terms. We review sentences for abuse of discretion. *See State v. Wright*, 893 P.2d 1113, 1120 (Utah Ct.App.1995). "An abuse of

discretion may be manifest if the actions of the judge in sentencing were inherently unfair or if the judge imposed a clearly excessive sentence." *State v. Elm*, 808 P.2d 1097, 1099 (Utah 1991) (internal quotation marks omitted).

¶5 Utah Code section 76–3–401 states the legally relevant sentencing factors a trial court must consider before determining whether sentences will be imposed concurrently or consecutively: "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2) (2003). Defendant alleges that the trial court did not adequately consider his character and rehabilitative needs required by this section.

¶6 We first address the State's contention that Defendant did not raise the issue of the imposition of consecutive sentences below. The State argues that after hearing the trial court's sentence, Defendant neither objected nor suggested that the trial court failed to consider all legally relevant factors. Defendant asserts that his challenge was preserved when defense counsel asked the trial court to follow the recommendation in the presentence report for concurrent terms and that he is not required to repeatedly raise the objection. We agree with Defendant and go on to address the issues Defendant raises on appeal.[1]

¶7 Defendant argues that the trial court did not adequately consider the factors required by Utah Code section 76–3–401(2), namely the "character[ ] and rehabilitative needs of the defendant." *Id.* Defendant contends that the trial court considered only the "gravity and circumstances of the offenses," *see id.*, and cites to the trial court's statement "These will run consecutively, given your extensive criminal history, and the fact that these are all separate criminal episodes." Defendant likens the court's statement to the statement of the sentencing court in *State v. Perez*, 2002 UT App 211, 52 P.3d 451. In *Perez*, we stated:

---

1. We caution that, in the future, counsel would be wise to alert the court to factors that counsel

believes the court has not adequately considered.

The trial court's brief commentary dealt only with the "gravity and circumstances of the offenses," and did not explicitly address the presentence report's recommendation of concurrent sentences. In short, there is nothing in this record to indicate that the trial court "considered the ... history, character, and rehabilitative needs of the defendant in determining whether to impose consecutive sentences."

*Id.* ¶ 48, 52 P.3d 451 (omission in original) (quoting Utah Code Ann. § 76–3–401(4) (1999) (current version at Utah Code Ann. § 76–3–401(2) (2003)). In that case, the issue of concurrent sentences became inconsequential because the case was remanded on other issues. We merely advised the sentencing court to "consider all of the statutorily prescribed factors for determining whether to impose consecutive sentences." *Id.* Furthermore, the record here clearly demonstrates that counsel pointed to Defendant's rehabilitative needs in the sentencing hearing.

¶ 8 In *State v. Helms,* 2002 UT 12, 40 P.3d 626, our supreme court made clear that a trial court need not "state to what extent it considered each of the statutory factors at the sentencing hearing." *Id.* ¶ 13. There, the court noted that a trial court's review of the presentence report was sufficient to "evidence[ ] that the trial court did consider [the defendant's] history, character, and rehabilitative needs." *Id.* In the instant case, there has been no contention that the trial court did not review the pre-sentence report, and the record supports the court's review of the report.

¶ 9 Defendant compares his case to two Utah Supreme Court cases in which the supreme court determined the trial court's imposition of consecutive rather than concurrent sentences was inappropriate, and he contrasts his case with a Utah Court of Appeals case in which this court concluded consecutive sentences were appropriate. We disagree with Defendant's analysis of these cases.

¶ 10 First, Defendant relies on *State v. Smith,* 909 P.2d 236 (Utah 1995), where the defendant was convicted of aggravated kidnapping, rape of a child, and two counts of sodomy on a child, all arising from a single criminal episode. *See id.* at 238. The trial court sentenced the defendant to four consecutive terms of fifteen-years-to-life. *See id.* The supreme court determined that consecutive sentences were inappropriate, recognizing that four consecutive terms of fifteen-years-to-life carried an effective minimum sentence of sixty years, which was "tantamount to a minimum mandatory life sentence." *Id.* at 244. This sixty year sentence was a result of a single criminal episode, unlike Defendant's separate criminal episodes. The court emphasized the "wide latitude" that the Board of Pardons has in "deciding what a maximum sentence ought to be. The Board is in a far better position than a court to monitor a defendant's subsequent behavior and possible progress toward rehabilitation while in prison and to adjust the maximum sentence accordingly." *Id.*

¶ 11 Defendant next relies on *State v. Galli,* 967 P.2d 930 (Utah 1998). In that case, the defendant was sentenced to three consecutive terms of five-years-to-life. *See id.* at 932–33. In *Galli,* the supreme court concluded the sentences should have been imposed concurrently rather than consecutively because the trial courts had failed to give adequate weight to certain mitigating circumstances,[2] including that there were no physical injuries, that the defendant's criminal history was limited to minor traffic offenses and one misdemeanor theft conviction, that the defendant expressed a commitment and hope to improve himself, and that he had the ability to improve himself. *See id.* at 938. The supreme court ended its analysis by noting

> The imposition of concurrent rather than consecutive sentences better serves [the defendant's] rehabilitative needs by allowing the Board of Pardons and Parole to release him from prison after five years if he has shown genuine progress toward rehabilitation. If he does not show such

---

2. Galli committed a string of offenses and entered conditional pleas of guilty before three different trial judges. *See State v. Galli,* 967 P.2d 930, 931 (Utah 1998). Two of the judges ordered him to serve consecutive prison sentences. *See id.*

progress, then the Board will be able to keep him incarcerated for a long time, including life.

*Id.*

¶ 12 Finally, Defendant compares his case to *State v. Schweitzer,* 943 P.2d 649 (Utah Ct.App.1997), in which the defendant was sentenced to two-to-five years in prison and six months in jail. *See id.* at 652. This court held that the trial court did not abuse its discretion in imposing those consecutive sentences because the mitigating evidence before the trial court was outweighed by the fact that the defendant appeared to still be a danger to the community and had failed to make an effort in his own rehabilitation. *See id.* at 652–53. We noted that the defendant's sentences did not "infringe[ ] upon the Board of Pardon's duties to monitor a defendant's progress and abrogate[ ] the [B]oard's flexibility to parole a defendant earlier." *Id.* at 652.

¶ 13 The above cases merely illustrate our appellate courts' desire to ensure that the Board of Pardons is given the appropriate opportunity to determine the ultimate length of an individual's sentence. We conclude that consecutive sentences as imposed by the trial court in this case do not deny Defendant the ability to be rehabilitated and released from prison. In this case, five consecutive sentences of zero-to-five years creates an effective sentence of zero-to-twenty-five years. Although the potential length of the sentence is increased, the floor remains the same: zero. This is in stark contrast to the sentences imposed in *Smith,* where the consecutive sentences created a de facto life sentence, and *Galli,* where the sentences, if run consecutively, had a much longer floor but still had "life" as the potential length. By imposing consecutive sentences of zero-to-five years, the trial court merely shifted the final determination of the length of Defendant's sentence to the Board of Pardons.

¶ 14 We conclude that the trial court did not abuse its discretion because Defendant's sentence is consistent with the supreme court's admonition that the Board of Pardons be given the responsibility "to monitor [D]efendant's subsequent behavior and possible progress toward rehabilitation while in pris-

on and to adjust the maximum sentence accordingly." *Smith,* 909 P.2d at 244. We therefore affirm.

¶ 15 WE CONCUR: CAROLYN B. McHUGH, and GREGORY K. ORME, Judges.