2011 UT App 219

**STATE of Utah, Plaintiff and Appellee,**

v.

**Arthur V. SPENCER, Defendant and Appellant.**

No. 20100178–CA.

Court of Appeals of Utah.

July 8, 2011.

———

Debra M. Nelson and Catherine E. Roberts, Salt Lake City, for Appellant.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

MEMORANDUM DECISION

ROTH, Judge:

¶ 1 Arthur V. Spencer appeals his consecutive sentences for one count of manslaughter and one count of aggravated burglary, arguing that the trial court abused its discretion in sentencing him to consecutive rather than concurrent prison terms. We affirm.

¶ 2 Trial courts are "traditionally afford[ed] ... wide latitude and discretion in sentencing." *State v. Helms*, 2002 UT 12, ¶ 8, 40 P.3d 626 (internal quotation marks omitted). A sentencing decision will not be reversed unless there has been an abuse of the judge's discretion. *See id.* In imposing consecutive sentences, a trial court "abuses its discretion ... when ... it fails to consider all legally relevant factors" or "fail[s] to give adequate weight to certain mitigating circumstances." *Id.* ¶¶ 8, 15 (internal quotation marks omitted).

¶ 3 Utah Code section 76–3–401 authorizes a trial court to impose consecutive sentences when a defendant has been convicted of more than one felony offense. *See* Utah Code Ann. § 76–3–401(1) (2008). Before imposing consecutive sentences, however, the trial court must consider "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* § 76–3–401(2).

¶ 4 Spencer argues that in imposing consecutive prison terms of five years to life for aggravated burglary and one to fifteen years for manslaughter, the trial court failed to give adequate weight to mitigating circumstances, such as his difficult childhood, his young age, the fact that he was a less active participant in the crime, his remorse for his participation in the offense, and his desire to reform his life. Specifically, Spencer claims the court failed to consider the mitigating information because it was either missing or incorrectly portrayed in the presentence report (PSR) prepared by Adult Probation and Parole.

¶ 5 Spencer's argument relies heavily on *State v. Galli*, 967 P.2d 930 (Utah 1998), *superseded by statute on other grounds,* Utah Code Ann. § 76–3–401(1) (2002), in which our supreme court determined that the trial court abused its discretion when it sentenced the defendant to consecutive terms for three counts of aggravated robbery. *See id.* at 938–39. In that case, the supreme court reasoned that consecutive sentences were inappropriate because the record clearly demonstrated that the trial court had neglected to give "adequate weight to certain mitigating circumstances," including that no one was physically harmed during the commission of the offenses, the defendant stole a "relatively small" amount of money, his criminal record "consisted of minor traffic offenses and one misdemeanor theft conviction," he had expressed a commitment to rehabilitate, and he had already demonstrated he was capable of doing so. *See id.* at 938.

¶ 6 Spencer's reliance on *Galli* is misguided. While the trial court here did not explain how it weighed Spencer's mitigating circumstances, it did state that it "ha[d] considered the nature and circumstances of the offense[s], the number of victims, but, really most important, the character, rehabilitative needs and history of the defendant." And since *Galli,* the supreme court has determined that so long as it is "reasonable to assume" that the factors were considered, a trial court is not required to "state to what extent it considered each of the statutory factors at the sentencing hearing." *See State v. Helms,* 2002 UT 12, ¶¶ 11, 13, 15, 40 P.3d 626.

¶ 7 A trial court's review of the pertinent information in the PSR is often enough to show it properly considered the statutory factors, *see id.* ¶ 13; *State v. Valdez,* 2008 UT App 329, ¶ 8, 194 P.3d 195, and the record as a whole contains all the information Spencer claims was overlooked. The PSR includes, by way of mitigating circumstances, his young age; his personal history, including the circumstances of his difficult childhood; his professed desire to rehabilitate; and his remorse, indicating that he "seemed truly apologetic for his actions ... and took full

ownership for his actions with regards to his offense[s]." These issues were again discussed at the sentencing hearing, where Spencer's personal history was a primary issue highlighted by defense counsel's remarks, and Spencer himself took the opportunity to address the court to express his remorse and his belief that he could be rehabilitated. Spencer's friends also sent supporting letters to the court, which were included in the record.

¶ 8 Spencer now presents some details about his childhood that were not included in the PSR that he claims the court should have considered. But when asked at the sentencing hearing if any corrections needed to be made to the PSR, defense counsel made no indication that any pertinent information was not before the court, responding, "No. There are not [any corrections].... We have been through this with a fine tooth comb." After reviewing the record as well as the information Spencer provides in his brief, we conclude the PSR gives an adequate description of Spencer's personal history, even absent these details.

¶ 9 While there is mitigating evidence that could support concurrent prison terms, the record also contains ample support for the trial court's conclusion that consecutive sentences were appropriate. Spencer and a codefendant planned and carried out a violent burglary at the victim's home. During the commission of that crime, Spencer grappled with the reluctant victim and struck him with a baseball bat with which Spencer had armed himself in anticipation of the burglary. After Spencer hit the victim, the codefendant shot him to death in front of his daughter.[1] As his accomplice fled the home, Spencer remained long enough to collect the drugs they had come to steal and then fled himself. The victim's wife testified that the daughter had suffered a stroke after witnessing her father's violent death. Spencer then denied participation in the burglary for more than a year and during that time wrote a series of letters to the court asserting his innocence.

Indeed, he did not admit involvement until he had received a plea bargain. In addition, the PSR details Spencer's extensive criminal history and his substance abuse. Though we acknowledge that Spencer's difficult childhood could have contributed to his criminal behaviors and substance use, we observe that the PSR also noted that Spencer has been placed in multiple programs as part of repeated attempts to "redirect his behavior," concluding, however, that "all efforts ... ha[ve] failed as he has continued to show disregard for the law."

¶ 10 It is Spencer's burden "to show that the trial court did not properly consider all the factors." *Helms*, 2002 UT 12, ¶ 16, 40 P.3d 626. Spencer, however, has demonstrated no more than disagreement with the way the court weighed his mitigating circumstances, which Spencer believes favor concurrent rather than consecutive sentences. Just because Spencer "views his situation differently than did the trial court does not prove that the trial court neglected to consider the factors listed in section 76–3–401(4)." *See id.* ¶ 14. And absent the required showing, "[w]e must ... defer to the trial court's judgment." *See id.* ¶ 15.

¶ 11 Spencer also argues that the imposition of consecutive sentences "fail[s] to sufficiently consider defendant's rehabilitative needs" and "robs the Board of Pardons of any flexibility to parole [him] sooner," *see State v. Strunk*, 846 P.2d 1297, 1301–02 (Utah 1993). To support this assertion, Spencer compares his case with *State v. Galli*, 967 P.2d 930 (Utah 1998), and *State v. Strunk*, 846 P.2d 1297 (Utah 1993). However, the circumstances of those cases are inapposite. The defendant in *Galli* was facing a minimum of fifteen years once he was sentenced to three consecutive terms of five years to life, *see* 967 P.2d at 932–33, and the defendant in *Strunk* received consecutive sentences amounting to a minimum of twenty-four years before being eligible for parole,

---

1. Spencer complains that the PSR failed to mention, and the trial court failed to adequately take into account, that he was a less active participant in the offense, as his codefendant was the one who killed the victim. Although Spencer did not fire the gun, the facts before the trial court demonstrate that he played a significant role in the burglary and the sequence of events that led to the victim's death. He was not, in any meaningful sense, a less active participant in the crime.

*see* 846 P.2d at 1299. Our supreme court reversed those sentences, concluding that concurrent sentences "better serve [a defendant's] rehabilitative needs by allowing the Board of Pardons and Parole to release [a defendant] from prison" upon a showing of "genuine progress toward rehabilitation." *See Galli,* 967 P.2d at 938; *see also Strunk,* 846 P.2d at 1301–02.

¶ 12 In this case, it is difficult to argue that requiring Spencer to serve a minimum of six years before he will be eligible for parole has the same effect. First, it is hardly unreasonable to require a person who has been convicted of manslaughter and aggravated burglary to serve at least six years in prison. Second, the manslaughter conviction is a second degree felony with a minimum sentence of one year, and the aggravated burglary conviction is a first degree felony with a minimum sentence of five years. Consecutive sentencing that has the effect of adding a single additional year to a defendant's minimum sentence does not significantly or meaningfully detract from the Board's discretion to parole the defendant at the appropriate time. We conclude that the consecutive sentences the trial court imposed in this case were not inconsistent with our acknowledged policy of "ensur[ing] that the Board of Pardons is given the appropriate opportunity to determine the ultimate length of an individual's sentence," *see State v. Valdez,* 2008 UT App 329, ¶ 13, 194 P.3d 195.

¶ 13 After reviewing the record, we are convinced that the trial court's representation that it had considered the statutory factors was amply supported. In addition, the imposition of consecutive sentences is not disproportionate to the crimes Spencer committed and does not materially affect the discretion of the Board of Pardons and Parole to ultimately determine the length of his sentences. The trial court therefore did not abuse its discretion. We affirm.

¶ 14 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and GREGORY K. ORME, Judge.