2011 UT App 274

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph Cuthbert HARRIS, Defendant and Appellant.**

No. 20100998–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Gary G. Kuhlmann and Nicolas D. Turner, St. George, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

**PER CURIAM:**

¶ 1 Joseph Cuthbert Harris seeks to challenge his guilty plea and sentence. We dismiss Harris's challenges to his plea for lack of jurisdiction and affirm his sentence.[1]

¶ 2 Harris asserts that he received ineffective assistance of counsel when considering whether to enter a guilty plea. Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his or her guilty plea before the sentence is announced. See Utah Code Ann. § 77–13–6(2)(b) (2008). "[T]o challenge a guilty plea, a defendant must move to withdraw the plea prior to the trial court's announcement of sentence." State v. Tenorio, 2007 UT App 92, ¶ 6, 156 P.3d 854. Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. State v. Merrill, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Furthermore, "the general rule applicable in criminal proceedings is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all non-jurisdictional defects, including alleged pre-plea constitutional violations." State v. Parsons, 781 P.2d 1275, 1278 (Utah 1989). If a motion to withdraw a plea is not timely filed, this court lacks jurisdiction to review the plea, even on the basis of ineffective assistance of counsel. See State v. Briggs, 2006 UT App 448, ¶ 6, 147 P.3d 969. Claims of ineffective assistance of counsel raised in the context of guilty pleas must be addressed by the filing of a petition for post-conviction relief if a motion to withdraw the guilty plea was not filed prior to sentencing. See id.

¶ 3 Harris failed to move to withdraw his guilty plea prior to sentencing. Thus, this court lacks jurisdiction to consider any challenge to his guilty plea, including his assertion that he received ineffective assistance of counsel with regard to his guilty plea. See id.

¶ 4 Harris next asserts that the district court abused its sentencing discretion, and that the district court considered inappropriate factors in reaching its sentencing decision. A district court may impose consecutive sentences when a defendant has been convicted of more than one felony offense. See State v. Spencer, 2011 UT App 219, ¶ 3, 258 P.3d 659. In determining whether the offenses should run concurrently or consecutively, the district court must "consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2). Aggravated sexual abuse of a child is a first-degree felony punishable by a term of life imprisonment. See id. § 76–5–404.1(5). "A sentencing decision will not be reversed unless there has been an abuse of the judge's discretion." Spencer, 2011 UT App 219, ¶ 2, 258 P.3d 659. "A [district] court abuses its discretion in sentencing when, among other things, it 'fails to consider all legally relevant factors.'" State v. Helms, 2002 UT 12, ¶ 8, 40 P.3d 626.

¶ 5 The record indicates that the district court considered the appropriate factors when sentencing Harris as required by Utah Code section 76–3–401(2). See Utah Code Ann. § 76–3–401(2). Harris fails to

---

1. Despite Harris's failure to move to withdraw his guilty plea prior to sentencing, this court has jurisdiction to review Harris's challenge to his sentence. See Utah Code Ann. § 77–13–6(2)(c) (2008).

demonstrate that the district court abused its sentencing discretion.

¶ 6 Accordingly, Harris's sentence is affirmed. If Harris seeks to challenge his plea, he must do so by the filing of a petition for post-conviction relief. *See Briggs,* 2006 UT App 448, ¶ 6, 147 P.3d 969.