2014 UT App 176

STATE of Utah, Plaintiff and Appellee,

v.

Cornell Carl PERKINS, Defendant and Appellant.

No. 20131094–CA.

Court of Appeals of Utah.

July 25, 2014.

---

Joel J. Kittrell and Kristina H. Ruedas, for Appellant.

Sean D. Reyes and John J. Nielsen, for Appellee.

Before Judges JAMES Z. DAVIS, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

Decision

PER CURIAM:

¶1 Cornell Carl Perkins appeals the trial court's imposition of consecutive sentences on his felony convictions. We affirm.

¶2 Pursuant to a plea bargain, Perkins pleaded guilty to aggravated assault in one case and forgery in each of four other cases. Any remaining charges were dismissed. The

trial court sentenced Perkins to the statutory term for a third degree felony of zero-to-five years in each of the separate cases with the sentences to run consecutively to each other.

¶ 3 Perkins argues that the district court (1) plainly erred by failing to make specific findings on each factor listed in Utah Code section 76–3–401(2); (2) relied upon irrelevant evidence about the dismissed counts; and (3) imposed sentences that constituted cruel and unusual punishment, thereby violating his constitutional rights. Conceding that trial counsel made no objection to the imposition of consecutive sentences, Perkins contends that the court committed plain error and that his unpreserved constitutional arguments may be considered because his liberty is at stake. More generally, Perkins contends that the trial court failed to properly consider his mental illness and the nature of his offenses in sentencing him to up to twenty-five years in prison.

¶ 4 "In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all legally relevant factors, or the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (citation and internal quotation marks omitted). In determining whether to impose concurrent or consecutive sentences, "the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2) (LexisNexis 2012). "[A]s a general rule, we presume that the district court made all the necessary considerations when making a sentencing decision." *State v. Moa*, 2012 UT 28, ¶ 35, 282 P.3d 985. "[A] sentencing judge is not required to articulate what information she considers in imposing a sentence." *Id.* ¶ 40. Accordingly, we do not assume that the court did not consider the proper factors as required by law based solely upon the absence of a specific factual finding. *See State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 ("[W]e will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law."). Because a district court is not required to make specific findings in a sentencing order, "the court's failure to do so cannot be considered error." *Id.* ¶ 17.

¶ 5 Where, as in the case before us, the district court utilized a detailed presentence investigation report (PSI), there is no basis from which to assume that the district court failed to consider all relevant statutory factors. The trial judge stated at sentencing that she had reviewed the PSI. The defense requested that the PSI be corrected in several respects, and the district court accepted these corrections. The record reflects, and Perkins concedes, that the district court "was fully aware that Perkins suffers from depression and post-traumatic stress disorder." The trial judge also discussed Perkins's medication issues. Nevertheless, Perkins argues that the court "did not factor this significant illness into consideration of defendant's past crimes" or "reasonably consider" his history, character, and rehabilitative needs. The assertions are not supported by the record. Given the information in the PSI, statements made on the record by both counsel and Perkins, and the trial court's own statements, it appears that the trial court appropriately considered all relevant factors in imposing sentence. Perkins has not met his burden on appeal to demonstrate that this did not occur. *See id.* ¶ 16. Accordingly, Perkins has not shown that the district court abused its discretion by failing to consider all relevant factors.

¶ 6 Perkins argues that the district court considered irrelevant evidence at sentencing, claiming that the court's statement that he was a "one-man crime wave" reflected inappropriate consideration of charges that were dismissed under the plea bargain. The discussion following the court's statement concerned Perkins's responsibility to pay restitution attributable to the dismissed counts, as required by the terms of the plea bargain. "To show that a judge relied upon irrelevant information at sentencing, a defendant must show '(1) evidence of reliance, such as an affirmative representation in the record that the judge actually relied on the specific information in reaching her decision, and (2) that the information she relied upon was irrelevant.'" *State v. Ling-*

*mann*, 2014 UT App 45, ¶ 40, 320 P.3d 1063 (citing *State v. Moa*, 2012 UT 28, ¶ 15, 282 P.3d 985). The cited portion of the record does not demonstrate that the district court considered dismissed counts as a basis for imposing consecutive sentences. Furthermore, the State correctly notes that Perkins has cited no authority for his assertion that the dismissed counts could not be considered for sentencing purposes. Finally, given Perkins already extensive criminal history, any consideration of the dismissed counts was both unnecessary and unlikely to be prejudicial.

 ¶ 7 Perkins makes a cursory argument that sentencing him to five consecutive indeterminate terms of zero to five years was an unconstitutionally harsh or excessive punishment. The argument is inadequately briefed, and, on that basis alone, we need not consider it. *See State v. Jaeger*, 1999 UT 1, ¶ 31, 973 P.2d 404. In addition, in reviewing a similar sentence in a separate case, we stated,

> [F]ive consecutive sentences of zero-to-five years creates an effective sentence of zero-to-twenty-five years. Although the potential length of the sentence is increased, the floor remains the same: zero. . . . By imposing consecutive sentences of zero-to-five years, the trial court merely shifted the final determination of the length of Defendant's sentence to the Board of Pardons.

*State v. Valdez*, 2008 UT App 329, ¶ 13, 194 P.3d 195. In *Valdez,* we concluded that the trial court's sentence was "consistent with the supreme court's admonition that the Board of Pardons be given the responsibility to monitor a defendant's subsequent behavior and possible progress toward rehabilitation while in prison and to adjust the maximum sentence accordingly." *Id.* ¶ 14 (citation and internal quotation marks omitted). Perkins has not demonstrated that sentencing him to consecutive sentences violated the constitution's prohibition of cruel and unusual punishment.

¶ 8 Accordingly, we affirm.