2015 UT App 149

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
GADIEL GOMEZ,
Defendant and Appellant.

Memorandum Decision
No. 20130123-CA
Filed June 11, 2015

Fifth District Court, St. George Department
The Honorable Eric A. Ludlow
No. 121501622

Gary G. Kuhlmann and Nicolas D. Turner, Attorneys
for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

TOOMEY, Judge:

¶1     Gadiel Gomez appeals from his convictions on two counts
of possession of a forged writing, each a third degree felony.
Gomez argues the trial court should have given a jury
instruction on his proposed lesser included offense and abused
its discretion in refusing to reduce his convictions to class A
misdemeanors. We affirm.

¶2     The State charged Gomez with two counts of possession
of a forged writing, alleging that Gomez purchased and used

forged documents to gain employment at a restaurant. The State later added a count of identity fraud to the Information.

¶3    During the jury trial, the State introduced evidence that Gomez bought false identification documents, including a permanent resident card and social security card, for the purpose of obtaining employment. Gomez presented these documents to the general manager at the restaurant where he began working. Sometime later, when a detective confronted Gomez about his use of the documents, Gomez admitted he knew they were false and that he used them to secure a job at the restaurant. The investigation also revealed that the identification numbers on each of the cards did not belong to Gomez and were assigned to different individuals.

¶4    Before the case was submitted to the jury, Gomez proposed a jury instruction on a purported lesser included offense, namely, unlawful possession of another's identification documents. The prosecutor opposed giving the instruction. According to the prosecutor, the statutory elements of the charged crimes and the proposed lesser included offense did not overlap and the evidence presented at trial did not support issuing a lesser-included-offense instruction. The court denied Gomez's request, reasoning that "there are different elements and that [unlawful possession of another's identification documents] is not a lesser-included offense."[1] Accordingly, the trial court instructed the jury on only the charged offenses.

---

1. In denying Gomez's request, the trial court also reasoned that unlawful possession of another's identification documents pertains to "legitimate documents," whereas possession of a forged writing addresses "forged documents." Gomez challenges the court's interpretation by arguing that the trial court erred by "restricting the applicability" of the unlawful possession of another's identification documents to "only non-

(continued...)

¶5     The jury convicted Gomez on all counts. The trial court then dismissed the identity-fraud conviction on the State's motion but left intact Gomez's convictions on possession of a forged writing.

¶6     At the sentencing hearing, the trial court addressed Gomez's motion filed in accordance with Utah Code section 76-3-402(1). In that motion, Gomez asked the court to reduce the severity of his convictions from third degree felonies to class A misdemeanors. The trial judge denied the motion, stating, "I don't think it is warranted in this case."

¶7     The trial court sentenced Gomez on the two counts of possession of a forged writing. The court ordered Gomez to serve zero to five years in prison and to pay a fine for each count, but suspended the prison sentences and placed Gomez on probation. Gomez appeals.

## I. Jury Instruction

¶8     Gomez first challenges the trial court's refusal to instruct the jury on unlawful possession of another's identification documents as a lesser included offense of possession of a forged writing. He argues, based on the evidence, "the elements of the crime of unlawful possession of another's identification documents are established" and there is a rational basis for a verdict acquitting him of the charged offense. Specifically,

_____

(…continued)

fabricated government issued documents" because that interpretation "violates the plain language of the statute and renders portions of the statute superfluous and without effect." Because we affirm the trial court's decision on the ground that Gomez fails to demonstrate a rational basis for a verdict acquitting him of the offense charged but convicting him of the lesser offense, we need not address this argument.

Gomez argues that the only additional element in the greater offense, "intent to defraud," is not supported by the evidence because the evidence "clearly shows that the only reason [Gomez] had the documents at issue was to gain employment and support his family . . . , [and he] did not know that the Social Security number or the resident alien number belonged to an actual person." The State responds that there is no rational basis for a verdict that acquits him of the charged offense, because the element of "intent to defraud" was satisfied when Gomez admitted to using the documents to "obtain employment." We agree with the State.

¶9 For a trial court to issue a lesser-included-offense instruction under Utah Code section 76-1-402, "a defendant must show (1) that the charged offense and the lesser included offense have overlapping statutory elements and (2) that the evidence 'provides a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.'" *State v. Powell*, 2007 UT 9, ¶ 24, 154 P.3d 788 (quoting *State v. Baker*, 671 P.2d 152, 159 (Utah 1983)); *see also* Utah Code Ann. § 76-1-402(4) (LexisNexis 2012). Our supreme court has emphasized that the defendant must satisfy both prongs to be entitled to a lesser-included-offense instruction. *See State v. Reece*, 2015 UT 45, ¶ 21. "'A trial court's refusal to grant a lesser included offense instruction is a question of law, which we review for correctness.'" *Id.* ¶ 16 (quoting *Powell*, 2007 UT 9, ¶ 12).

¶10 We need not consider whether there are overlapping elements in the lesser offense, because we conclude that Gomez has failed to show a rational basis for a verdict acquitting him of the offense charged and convicting him of the lesser offense. "In determining whether the evidence supports a lesser included offense instruction, a trial court does not weigh the evidence . . . ." *Powell*, 2007 UT 9, ¶ 27. Instead, it considers the record as a whole and "views the evidence in the light most favorable to the defendant requesting the instruction." *Id.* Thus,

"'[w]hen the evidence is ambiguous and therefore susceptible to alternative interpretations, and one alternative would permit acquittal of the greater offense and conviction of the lesser, a jury question exists and the court must give a lesser included offense instruction at the request of the defendant.'" *State v. Garcia-Vargas*, 2012 UT App 270, ¶ 16, 287 P.3d 474 (quoting *Baker*, 671 P.2d at 159).

¶11    Possession of a forged writing occurs when a person (1) "knowingly possesses" (2) "any writing that is a forgery" (3) "with intent to defraud." Utah Code Ann. § 76-6-502 (LexisNexis 2008). In contrast, unlawful possession of another's identification documents occurs when a person (1) "obtains or possesses . . . with knowledge that he is not entitled to obtain or possess" (2) "the identifying document." *Id.* § 76-6-1105. Notably, unlike the crime of unlawful possession of another's identification documents, the crime of possession of a forged writing requires proof that the defendant acted with "intent to defraud." *Compare id.* § 76-6-502, *with id.* § 76-6-1105.

¶12    We disagree with Gomez that the evidence provided a rational basis to acquit him of the possession-of-a-forged-writing charge while convicting him of the unlawful-possession-of-another's-identification-documents offense. To reach such a verdict under the circumstances of this case, the jury would have to conclude that Gomez lacked the "intent to defraud." *See id.* §§ 76-6-502, -1105. The "intent to defraud" is "simply a purpose to use a false writing as if it were genuine in order to gain some advantage." *In re P.S.*, 2001 UT App 305, ¶ 17, 38 P.3d 303 (emphasis omitted) (citation and internal quotation marks omitted). The undisputed evidence showed that Gomez possessed the false documents with the intent to defraud; Gomez admitted to acquiring and using the false documents to obtain employment at the restaurant and did not present any contradictory evidence. Based on the record as a whole, the uncontested facts establish Gomez's intent to defraud and are not "ambiguous" or "susceptible to alternative interpretations."

*See Baker*, 671 P.2d at 159. Thus, while the jury could have acquitted Gomez of any or all charges, the evidence presented at trial provided no rational basis for a verdict acquitting him of possession of a forged writing but convicting him of unlawful possession of another's identification documents. We therefore affirm the trial court's refusal to instruct on the lesser offense.[2]

## II. Sentencing

¶13 Gomez next challenges the trial court's denial of his section 402(1) motion to reduce the level of his convictions from third degree felonies to class A misdemeanors. Specifically, he asserts that given the "nature and circumstances" of his crime and his "history and character," the entry of his convictions as third degree felonies was unduly harsh.[3] (Citation and internal quotation marks omitted.)

---

2. Even if the trial court had given an instruction on unlawful possession of another's identification documents, a conviction on Gomez's proposed lesser included offense still would have resulted in a third-degree-felony conviction. The unlawful possession of multiple identifying documents is a third degree felony. Utah Code Ann. § 76-6-1105(2)(b) (LexisNexis 2008). Gomez admitted possessing more than one identifying document, and the State offered evidence that each document contained personal identifying information of other people.

3. Gomez also argues that the trial court failed to set forth a factual basis for its denial of his section 402(1) motion. In Gomez's view, the trial court gave "no indication of what regard, if any, was given to the nature or circumstances of the offense or [Gomez's] history or character." Generally, "'to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.'" *State v. Titus*, 2012 UT App 231, ¶ 11, 286 P.3d 941 (alteration in original) (quoting *438 Main St. v. Easy Heat, Inc.*,

(continued...)

¶14   Trial courts have discretion to decide whether to grant a defendant's request to enter a conviction for a lower category of offense. *State v. Boyd*, 2001 UT 30, ¶ 31, 25 P.3d 985. When reviewing issues of sentencing, we afford deference to the trial court, *id.*, and will reverse its exercise of discretion only if the court "fails to consider all legally relevant factors" or "if it can be said that no reasonable [person] would take the view adopted by the trial court," *State v. Moreau*, 2011 UT App 109, ¶ 6, 255 P.3d 689 (alteration in original) (citation and internal quotation marks omitted).

¶15   The Utah Code allows a trial court to reduce the level of a conviction if it concludes that recording the conviction at the charged level would be unduly harsh. Section 402(1) provides,

> If at the time of sentencing the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, and after having given any victims present at the sentencing and the prosecuting attorney an opportunity to be heard, concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute, the court may enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly.

Utah Code Ann. § 76-3-402(1) (LexisNexis 2012).

---

(…continued)
2004 UT 72, ¶ 51, 99 P.3d 801). Gomez did not object to the findings in the trial court and his failure to make such an objection constitutes a "'waiv[er of] any argument regarding whether the district court's findings of fact were sufficiently detailed.'" *See id.* ¶ 13 (quoting *438 Main St.*, 2004 UT 72, ¶ 56).

¶16    Gomez has not demonstrated that the trial court exceeded its discretion in denying his motion to reduce the severity of his convictions. On appeal, Gomez asserts that the trial court should have given more consideration to his successful completion of probation on two prior occasions, his remorse for his conduct, and his potential deportation and separation from his family. But Gomez essentially reargues the facts he claims are in his favor without showing that the trial court failed to consider all legally relevant factors or that no reasonable person would take the court's view. Further, the record reflects that the court was aware of all the circumstances Gomez contends support a conclusion that convictions for third degree felonies would be unduly harsh. At the sentencing hearing, and before the trial court ruled on Gomez's section 402(1) motion, the court stated that it had received and reviewed the presentence investigation report, which contained many of the facts Gomez cites in his favor.[4] Moreover, Gomez acknowledges that "the trial court did hear all of the evidence at trial and heard all of the testimony, statements and arguments related to [Gomez's] motion and the sentencing." Although Gomez disagrees with how the trial court ultimately weighed his circumstances and the nature of his crime, we cannot say that the trial court exceeded its discretion in denying his section 402(1) motion to reduce the level of his convictions.

---

4. "[A]s a general rule, we presume that the [trial] court made all the necessary considerations when making a sentencing decision." *State v. Moa*, 2012 UT 28, ¶ 35, 282 P.3d 985. "[A] sentencing judge is not required to articulate what information she considers in imposing a sentence*." Id.* ¶ 40. Further, "there is no basis from which to assume that the [trial] court failed to consider all relevant statutory factors" when it utilized a detailed presentence investigation report. *State v. Perkins*, 2014 UT App 176, ¶ 5, 332 P.3d 403 (per curiam).

CONCLUSION

¶17    In summary, the trial court correctly refused to instruct the jury on unlawful possession of another's identification documents, and it properly exercised its discretion when it declined to reduce the level of Gomez's convictions. We therefore affirm.

———————