2019 UT App 92

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BRETT CLARK COCHRAN,
Appellant.

Amended Opinion[1]
No. 20170418-CA
Filed May 23, 2019

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 121908371

Linda M. Jones, John J. Hurst, and Freyja R. Johnson,
Attorneys for Appellant

Sean D. Reyes and Jeffrey D. Mann, Attorneys
for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

HARRIS, Judge:

¶1     Brett Clark Cochran pled guilty to driving under the influence of alcohol (DUI), which in his case amounted to a third-degree felony because he had two other similar recent convictions. He was sentenced to a short jail term and three

---

1. This Amended Opinion replaces the Opinion in Case No. 20170418-CA that was issued on May 9, 2019. After our opinion issued, Cochran filed a petition for rehearing, and we called for a response. We grant the petition for the limited purpose of making certain deletions from our original opinion, which deletions do not alter our analysis or the outcome of the appeal.

years on probation. After completing his sentence, including compliance with the terms and conditions of probation, he asked the district court to reduce his conviction from a felony to a misdemeanor, pursuant to Utah Code section 76-3-402(2). The district court declined to do so, and Cochran now appeals that decision. We affirm.

BACKGROUND

¶2     On July 8, 2012, a police officer stopped Cochran for traffic violations, and soon learned that Cochran's blood alcohol level was 0.181, over twice the then-effective legal limit. Cochran had been convicted of DUI on two other occasions within the previous three years, and Utah law treats the third DUI charge within any ten-year period as a third-degree felony, *see* Utah Code Ann. § 41-6a-503(2)(b) (LexisNexis 2018).[2] The State charged Cochran with felony DUI, a charge to which he eventually pled guilty, and Cochran was sentenced to a suspended prison term, 62.5 days in jail, and a three-year term of probation.

¶3     During the term of Cochran's probation, which he was allowed to complete from his home state of Montana, Cochran had two issues with compliance. The first issue occurred right at the beginning, when Cochran refused to sign the probation agreement. Following his refusal, the State filed a motion seeking an order commanding Cochran to appear and show cause why he should not be sanctioned for his noncompliance, but the district court declined to sign the State's

---

2. Because the statutory provisions in effect at the time of Cochran's offense do not differ in any way material to our analysis from those now in effect, we cite to the current version of the Utah Code for convenience.

proposed order because Cochran had been incarcerated at the time of the event. The second issue occurred later in the probationary term, when Adult Probation and Parole (AP&P) alleged that Cochran had failed to undergo a substance abuse evaluation and complete treatment as directed. In connection with these allegations, AP&P reported that Cochran had a poor attitude, was "very difficult to work with," and did not take his "probation seriously." Ultimately, however, AP&P recommended that Cochran be granted an "alternative event" for these violations and that he "be allowed to remain on probation." Cochran eventually completed probation, including all recommended treatment, without any further mishaps, and the court—without objection from AP&P or the State—terminated Cochran's probation successfully in May 2016, and closed his case.

¶4 In December 2016, seven months after completing probation, Cochran filed a motion (402 Motion) asking the district court to reduce his conviction from a third-degree felony to a class A misdemeanor, pursuant to Utah Code section 76-3-402(2). In support of the requested reduction, Cochran claimed that his status as a convicted felon was "impeding his ability to engage in" his profession as an electrician because it was limiting "the number and type of jobs" for which he was eligible to apply. He also asserted that nothing in the nature of the offense should preclude a reduction in his case, and maintained that there was no evidence of "aggravating factors" such as an "aggravated blood alcohol level" or "any collision, injury, or restitution." Furthermore, other than the two previous DUI offenses, there was "no indication of anything else on [Cochran's] criminal history." And finally, Cochran noted that he had completed probation successfully. In sum, Cochran argued that the court should grant his 402 Motion because a reduction would allow him to "resume the trajectory of his life," and because "[i]t is in the interest[] of

justice to reward a Defendant for his successful completion of probation." The State, however, filed an objection to Cochran's 402 Motion, asking the district court to deny the motion based on "the nature of the offense, [Cochran's] criminal history, and issues with [Cochran's] compliance with the conditions of his probation."

¶5      At the hearing on Cochran's 402 Motion, the court stated that it had reviewed the motion and accompanying paperwork, and asked if there was "anything else" that it "should know on behalf of the defendant." The parties stipulated that the only crime Cochran had ever committed in Utah was the felony DUI that is the subject of this case. Cochran's counsel argued that a reduction was warranted in the interest of justice for the reasons articulated in the 402 Motion, specifically mentioning Cochran's successful completion of probation and related treatment, as well as the employment limitations Cochran was experiencing based upon his status as a convicted felon. In response, the State noted that Cochran's argument about his employment limitations "sound[ed] reasonable," that Cochran's Utah DUI conviction would still be a lifetime enhanceable offense even if it were reduced to a misdemeanor, and told the court that it would "simply submit it."

¶6      After listening to both sides, the court agreed that there were "lots of reasons" to grant Cochran's motion. However, the court ultimately denied Cochran's 402 Motion without prejudice to it being refiled later. The court stated its reasoning as follows:

> [W]hat I'd generally do, counsel, with felony DUIs is I have parties wait the 10-year period with successful completion and so I'm certainly willing to hear this again but I want to see that [Cochran] goes that period of time without picking up new charges. It sounds like he's done some good things and that he's gainfully employed. So I can see lots

of reasons to grant that. But I find in the interest of justice and under these circumstances that we're better served as a community to do that and so what I would do is deny the motion without prejudice with the understanding that at a point in time where we have a 10-year period without any new DUIs that have come up, then I [will be] inclined to hear that and, and proceed on that basis.

The court also explained that, because it had denied the 402 Motion without prejudice, it anticipated that at "a point in time" when Cochran had completed "a 10-year period without any new DUIs" Cochran could bring a 402 Motion again. Following additional comments by Cochran's counsel, the court reiterated its reasons for denying the motion, and noted that, although Cochran should be commended for his hard work, "at this juncture" "the danger to the community and the interest of justice outweigh[ed]" reducing the conviction.

## ISSUE AND STANDARD OF REVIEW

¶7    Cochran appeals the district court's denial of his 402 Motion. Because sentencing "necessarily reflects the personal judgment of the court," we "afford the [district] court wide latitude and discretion in sentencing." *State v. Boyd*, 2001 UT 30, ¶ 31, 25 P.3d 985 (quotations simplified). Accordingly, "[w]e review a [district] court's denial of a motion to reduce the degree of a conviction for abuse of discretion." *State v. Salt*, 2015 UT App 72, ¶ 9, 347 P.3d 414. Under this standard, we will affirm the court's decision absent a showing that it "fail[ed] to consider all legally relevant factors," or if "no reasonable person would take the view [it] adopted." *State v. Gomez*, 2015 UT App 149, ¶ 14, 353 P.3d 175 (quotations simplified).

ANALYSIS

¶8     The applicable statutory language provides that, in cases in which a defendant is placed on probation, a district court "may[3] enter a judgment of conviction for the next lower degree of offense" if five conditions are met. *See* Utah Code Ann. § 76-3-402(2) (LexisNexis 2017). Neither side in this case contests the existence of the first four conditions; instead, the dispute centers around the fifth one—whether "entering a judgment of conviction for the next lower degree of offense is in the interest of justice." *See id.* § 76-3-402(2)(v).

¶9     Cochran contends that the district court abused its discretion in determining that it was not in the interest of justice for his conviction to be reduced to a misdemeanor. Specifically, Cochran asserts that the district court's analysis was flawed because it applied its own "bright-line-rule"

---

3. Although the parties did not raise this issue, we wonder whether a district court would be compelled to reduce a defendant's sentence even if all five of the prerequisite conditions were met. The statute uses the term "may" rather than "shall," and in another analogous context, we have held that "may" means "may," and that even if all of a series of statutory prerequisites are met, a court still retains discretion to decline to make the change at issue. *See Lay v. Lay*, 2018 UT App 137, ¶¶ 12–13, 427 P.3d 1221 (recognizing that in the Utah Code "[m]ay means that an action is authorized or permissive" and "shall" means "an action is required or mandatory," and holding that, because the statute uses the permissive term "may," a court is not required to adopt an "alternative" parent-time schedule even if all of the statutory conditions are met (quotations simplified)). However, we need not reach this issue in this case, because we conclude that the district court did not abuse its discretion in concluding that the fifth condition was not met.

rather than conducting a more general "interest-of-justice" analysis, which Cochran argues is required by the statutory language.[4]

¶10   As an initial matter, we do not share Cochran's interpretation of the district court's statements. Although the court expressed that its general practice in felony DUI cases was to wait until the defendant had gone ten years without committing another DUI before granting a 402 motion, we do not view the court's statement as an ironclad vow that it would never vary that practice in an appropriate case. Indeed, immediately after noting its general practice, the court went on to explain that, "under these circumstances," the community would be better served by denying the motion—in effect confirming that the court did consider more than just whether Cochran had gone ten years without any DUIs. In other similar contexts, we have determined that it is not an abuse of discretion

---

4. In his brief, Cochran urged this court to apply our supreme court's "interest-of-justice" analysis from *LeBeau v. State*, 2014 UT 39, 337 P.3d 254, to the circumstances of this case, and argued that the district court erred by not using the *LeBeau* analysis in deciding the 402 Motion. No Utah appellate court has yet required a *LeBeau*-style analysis in deciding a charge-reduction motion brought under Utah Code section 76-3-402. However, we need not decide here whether *LeBeau*'s analysis is required in this context, because at oral argument before this court, Cochran withdrew his argument that a district court's failure to go through the *LeBeau* analysis is always erroneous. Instead, Cochran now maintains that a court may, but need not, consider *LeBeau* to the extent it may help inform the court's analysis. In any event, Cochran no longer contends that it was necessarily an abuse of discretion for the court to have failed to apply *LeBeau*, and therefore we need not discuss the matter further.

for a court to decline to deviate from its "normal practice." *See State v. Sanchez*, 2015 UT App 58, ¶ 11, 346 P.3d 701.

¶11 Furthermore, there is nothing in the record that would indicate that the district court failed or declined to fully consider all the relevant evidence in making its decision. For example, at the outset of the hearing, the court stated specifically that it had reviewed Cochran's 402 Motion and inquired if there was "anything else [it] should know" in deciding the motion. By reviewing the written motion and the State's objection, the court would have learned—if it did not know already—that Cochran's three DUIs all took place in a relatively compact period of time (three years), and would have learned about Cochran's two relatively minor issues with probation compliance. The district court had itself previously entered an order successfully terminating Cochran's probation and closing the case, so the court was already aware that Cochran had successfully completed probation. At the hearing, the court specifically commended Cochran for his recent progress and continued employment. The court listened to and considered counsel's argument that Cochran's felony conviction was hampering his employment opportunities. A court that considers all the circumstances before making a sentencing decision is usually found to have acted within its discretion. *See, e.g., State v. Gomez*, 2015 UT App 149, ¶ 16, 353 P.3d 175 (holding that the court did not exceed its discretion in denying a 402(1) motion where "the record reflect[ed] that the court was aware of all the circumstances").

¶12 In the end, Cochran has fallen short of demonstrating that "no reasonable person would take the view adopted by the [district] court." *See id.* ¶ 14 (quotation simplified). Perhaps another judge might have granted Cochran's 402 Motion, and perhaps it would have been completely within the court's discretion to have done so here. But that does not make it an abuse of discretion for the court to deny the motion. *Cf. Gunn*

*Hill Dairy Props., LLC v. Los Angeles Dep't of Water & Power*, 2015 UT App 261, ¶¶ 21–24, 361 P.3d 703 (Orme, J., concurring) (upholding a district court's change-of-venue decision, even though two of the reviewing judges would have made a different decision in the first instance, because the district court did not abuse its wide discretion in making its ruling). In this case, the court reviewed all the evidence presented, and considered all the circumstances of Cochran's situation; after doing so, the court concluded that it was not in the interest of justice to grant Cochran's 402 Motion, and stated reasonable grounds for so ruling. Outside the unique context of *LeBeau v. State*, 2014 UT 39, 337 P.3d 254, *see supra* ¶ 9 n.3, nothing further is required of a court conducting an "interest-of-justice" analysis. In the end, we cannot conclude that the district court abused its discretion when it concluded that, despite the trouble Cochran's status as a felon was causing him in the employment context, "the danger to the community and the interests of justice outweigh[ed]" reducing Cochran's conviction "at this juncture." *See State v. Salt*, 2015 UT App 72, ¶ 26, 347 P.3d 414 (holding that "[t]he [trial] court did not exceed its discretion when it determined that [the defendant's] clean criminal history and potential job problems did not warrant . . . a reduction"); *see also Sanchez*, 2015 UT App 58, ¶¶ 6–7 (holding that the district court did not abuse its discretion in denying defendant's motion to reduce his conviction, even though defendant was "a hard worker" and the conviction "would subject him to deportation").

¶13   Affirmed.

—————